HON. JOHN S. TENNEY, LL. D.
HON. SAMUEL WELLS,  } ASSOCIATE
HON. JOSEPH HOWARD.  } JUSTICES.

---

STATE, *by complt. and warrant for search, versus* SPIRITU-
OUS LIQUOR and STILLMAN GURNEY, *as supposed keeper.*

To obtain a forfeiture of intoxicating or spirituous liquors under the Act, "for
the suppression of drinking houses and tippling shops, it is necessary to be
averred in the complaint and proved on the trial, that the liquors were in-
tended for sale in the city or town, in which they were kept or deposited.

THESE proceedings are under the Act of 1851, entitled "An
Act for the suppression of drinking houses and tippling shops."

Three persons, voters in the town of Saco, complained on
oath to the Judge of the Municipal Court as follows : — ".that
they have reason to believe and do believe, that Stillman

Gurney, of Saco, now has and keeps spirituous and intoxicating liquors, intended for sale, by him, said Stillman Gurney, deposited in the shop, situated in said Saco, occupied by him, said Stillman Gurney ; said Stillman Gurney not being appointed by the selectmen of said Saco as the agent thereof, to sell therein, spirits, wines, or other intoxicating liquors ; whereby said liquors have become forfeited to be destroyed, and said Stillman Gurney has forfeited the sum of twenty dollars, to the use of said Saco, and costs of prosecution.

Upon that complaint, a warrant was issued on the 17th of Nov. 1851, requiring, that the officer should enter in the daytime, the shop situated in said Saco, occupied by him, said Stillman Gurney, and named in said complaint, and search there for the same, and if such liquors be found therein to seize and safely keep the same until final action and decision be had on said complaint, and that he should summon said Gurney forthwith to appear at said Court to be holden at the Municipal Court Room in Saco, on the eighteenth day of November, instant, at ten o'clock in the forenoon, to show cause if any he have, why said liquors should not be declared forfeited and be destroyed, and he be adjudged and held to pay a fine of twenty dollars to the use aforesaid, and costs of prosecution.

Upon that warrant, the officer returned as follows : — By virtue of the within warrant, on the seventeenth day of November, A. D. 1851, I entered in the day time the shop situated in Saco in said county, occupied by Stillman Gurney within named, and there searched for, found and seized the following spirituous and intoxicating liquors and now have the same in my custody and keeping : — to wit, two and one-half pints of Gin. Two Gallons American Gin. Three quarts and one pint of Rum. Two quarts of Cherry Rum. Three quarts and one pint of American Brandy, and fourteen quarts and three-fourths of a quart of New England Rum. And the said Stillman Gurney being known by me to be the owner or keeper of said liquors, I summoned him forthwith to appear before the Judge of the Municipal Court for said town of Saco

on the eighteenth day of November, instant, at ten o'clock in the forenoon, to show cause if any he have, why said liquors should not be declared forfeited, and be destroyed, and he be adjudged and held to pay a fine of twenty dollars and costs of prosecution.

The said Gurney demurred generally to the complaint and warrant. The demurrer was overruled in the District Court; and the case is brought to this Court on exceptions taken by said Gurney.

*J. Shepley* and *Hayes,* for Gurney.

By the provisions of the statute on which this process is founded, a respondent is almost necessarily restricted in his defence to some defects in the proceedings. The process is summary. Property of any value may be destroyed with no proof, except an *ex parte* complaint, and the return of some irresponsible officer. The respondent may not be confronted by witnesses ; no proof is required that his possession of the property is illegal ; the means of showing his possession to be legal are excluded ; and the respondent may suddenly find himself deprived of all his estate, and that he is a convicted and committed criminal, without the examination of a single witness against him. In such a process, the government should at least be held to a strict and exact compliance with the statute requisitions.

By the second section of the Act, it is necessary that the complaint allege the liquors to be *intended for sale in some place in the town or city* where the complaint is made. This complaint contains no such allegation. The Act does not prohibit a person to keep such liquors ; but only to keep them with intent to *sell* them, and to sell them *there.* He may keep them for his own use, or exportation to another country, or for sale in another State or another town.

It does not appear, from the complaint, that Gurney was not authorized to sell in the adjoining or some other town. The agent for selling in one town may keep his liquors chiefly in another. The possibility of such a case is indicated by the 12th section of the statute.

The counsel also presented many other grounds of defence. But as the foregoing was the only one, passed upon by the Court, the other points are omitted here.

*Tallman*, Attorney General, for the State.

HOWARD, J. — There is no averment in the complaint that the spirituous and intoxicating liquors, in question, were intended for sale in the town where they were kept and deposited. The want of such averment has been held to be fatal. *State* v. *spirituous and intoxicating liquors*, claimed by Robinson. The doctrines of that case, so far as applicable to this, are decisive. See 33 Maine, on a subsequent page.

*Exceptions sustained, proceedings quashed,*
*and judgment for restoration of the liquors.*